# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAURENCE JENNINGS, ET AL.,**<br>Appellants,<br>vs.<br>**SARA-JANE PARKER,**<br>Appellee. | CASE NO. 19-cv-02588-YGR<br><br>**ORDER GRANTING IN PART APPELLANT'S ADMINISTRATIVE MOTION FOR AN EXTENSION OF TIME TO FILE OPENING BRIEF**<br><br>Re: Dkt. No. 6 |

The Court has received and reviewed parties six filings related to this matter.[1] (Dkt. Nos. 6, 7, 8, 9, 10, 11.) As noted in the Guidelines for Professional Conduct adopted by this Court, "[l]awyers owe a duty of professionalism to their clients, opposing parties *and their counsel*, the courts, and the public as a whole." Guidelines for Professional Conduct, U.S. District Court, Northern District of California, https://www.cand.uscourts.gov/professional_conduct_guidelines. These Guidelines specifically instruct that "a lawyer should agree to reasonable requests for extensions of time when the legitimate interests of his or her client will not be adversely affected." *Id.* ¶ 4. Counsel's failure to resolve this issue without Court intervention is disappointing and warrants self-reflection and, likely, further submissions to the Court.

However, given the timeliness of the issue, the Court first finds appellants' request for an extension of the deadline to file their opening brief reasonable in light of counsel's need to return to Michigan from July 28, 2019 through August 19, 2019 to bury her deceased father and care for

---

[1] As a preliminary matter, the Court notes that appellant's motion (Dkt. No. 6) and replies (Dkt. Nos. 8, 10) take the form of declarations rather than a motion and replies filed in support thereof. Moreover, the Court reminds parties that the Local Rules provide only for administrative motions and oppositions thereto, and could therefore strike the filings at Docket Numbers eight through eleven as filed in violation of the Rules and without leave of court. *See* Civil L.R. 7-11(b). However, in the interest of judicial efficiency, the Court will consider all documents filed.

her wheelchair-bound mother, especially in light of her status as a solo practitioner. That said, counsel did, in fact, know in advance of the conflict and could have done better in managing her deadlines.

Next, the Court turns to whether appellee would suffer prejudice or otherwise be adversely affected by the requested extension. (*See* Dkt. Nos. 6, 8, 10.) In opposition to appellants' motion, Mr. Fong asserts that prejudice will befall appellee Sarah-Jane Parker due to unwarranted delay if the Court grants appellants' request. (Dkt. No. 7.) However, the only basis Mr. Fong provides for such prejudice is his own travel plans. (*Id.* at ECF 2-3 ("Parker's lead counsel Marc Fong will be out of the country and essentially unreachable from October 10, 2019 through October 28, 2019, hiking in a remote area of Spain[.]").) Mr. Fong further contends that he "will need time to recover from the effort[,]" presumably of the aforementioned hiking, "and from jet lag after returning to the US." (*Id.*) Based thereupon, Mr. Fong argues that he will have "virtually no time" during the 30 days starting October 4, 2019 to prepare appellee's response to appellant's opening brief as well as appellee's opening brief on cross-appeal.[2] (*Id.* at 3.) The Court struggles to see why it should afford greater weight and value to Mr. Fong's planned vacation. Work requirements fluctuate and can be exchanged.

In his supplemental declaration, Mr. Fong points to a number of other actions, including one set for trial in February 2020, which he expects will demand so much of his attention that he will not have sufficient time to "do a professional job of evaluating appellants' opening brief, writing Parker's cross-appeal brief, and then responding to opposition[.]" (Dkt. No. 11 at ECF 2-3.) He further asserts that granting appellants' request would "have a cascading effect on all the attorneys in this case, their clients, the other attorneys involved in other cases being handled by [Mr. Fong] and [his] firm, and the courts involved in those other cases." (*Id.* at ECF 1-2.) The Court understands and is familiar with the difficulty of addressing multiple cases at once and would is willing to extend the deadline for appellee's opposition and cross-brief. Accordingly, the

---

[2] The Court notes that appellee's suggestion that appellants file their opening brief no later than August 26, 2019 would similarly provide appellant counsel with "virtually no time[,]" in light of her planned return from Michigan on August 19, 2019.

Court finds that appellee would not be adversely affected by its granting appellants' request for an extension to such an extent that the request should not be granted.

The Court **GRANTS** appellants' request and **EXTENDS** the deadline for appellants to file their opening brief to **Monday, September 2, 2019**. As the brief will be filed electronically, the fact that day is a legal holiday does not prohibit the timely filing. Appellee's response shall be due **October 10, 2019**.

This Order terminates Docket Number 6.

**IT IS SO ORDERED.**

Dated: July 22, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**