No. 4:19-cv-02588-YGR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA AT OAKLAND

Related Bankruptcy Case No. 14-44083 CN13

In the Matter of:

SARAH-JANE PARKER,

Debtor

_____

BAYSIDE COURT OWNERS ASSOCIATION, ET AL

Appellants and Cross-Appellees

v.

SARAH-JANE PARKER,

Appellee and Cross-Appellant

_____

Appeal from the United States Bankruptcy Court

for the Northern District of California, Oakland Division

Hon. Charles Novack

_____

APPELLEE'S SUPPLEMENTAL BRIEF ON CROSS APPEAL

_____

| | |
|---|---|
| Marlene A. Fong, SBN 111560. | Christina L. Henry, WSBA 31273 |
| FONG & FONG, APC | Appearing Pro Hac Vice |
| 2161 Harbor Bay Parkway | HENRY & DEGRAAFF, P.S. |
| Alameda, California 94502 | 787 Maynard Avenue S |
| (510) 748-6800 | Seattle, Washington 98133 |
| *marlene.fong@fonglaw.com* | (206) 330-0595 |
| | *chenry@hdm-legal.com* |

*Attorneys for Appellee and Cross-Appellant Sarah-jane Parker*

Appellee and Cross-Appellant Sarah-jane Parker wishes to bring to the Court's attention two opinions released subsequent to Parker's brief being filed on March 6, 2020.

On March 16, 2020 the Ninth Circuit BAP released its decision in *Suh v. Anderson (In re Jeong)*, Case 19-1244, 2020 BL 102971. The decision (1) affirms that the "fair ground of doubt" standard adopted by the Supreme Court in *Taggart v. Lorenzen*, 587 U.S. ___ ; 139 S.Ct. 1795 (2019) applies to automatic stay violations as well as to contempt claims, and (2) elaborates on the standard for what a "fair ground of doubt" entails. The *Jeong* court holds that the factual underpinning for a "fair ground of doubt" must be substantial and be based on real, pertinent facts and law. (*Jeong*, pgs. 10 fn. 3 and 14-17.) The contemnor in *Jeong* was an attorney who insisted, without any substantial basis, that his advice to a client was within the scope of a "fair ground of doubt." The BAP disagreed, citing his lack of any pertinent authority or argument, to such a degree that his conduct was not only a stay violation contempt under the *Taggart* standard but also that his appeal was so groundless as to be "frivolous" under Rule 8020. (*Id.* 17.)

The *Jeong* decision is relevant to Parker's argument that the bankruptcy court erred by applying the wrong pre-*Taggart* law to Parker's stay violation and contempt claims. (Parker Cross-Appeal brief, pages 55-62 and particularly Part B4, page 61.)

On March 31, 2020 the U.S. Bankruptcy Court for the District of Rhode Island cited and followed the ruling of Judge Charles Novack in the present case, holding that directors of a corporation are liable for violations of the automatic stay when they personally direct and commit the acts constituting the stay violation. *Gammons v. M.T.M. Development Corp.*, Case 1:19-ap-01017, Doc. #58 pgs. 5-7 (*In re Gammons*). The decision is supports Parker's argument in her Appellee's

Brief that Judge Novack correctly found that individual respondents Laurence Jennings and Raj Patel violated the stay by their personal involvement in the conduct at issue. (Parker brief, pages 34-38.)

Respectfully submitted,

*/s/ Marlene A. Fong*
Marlene A. Fong, SBN 111560.
FONG & FONG, APC
2161 Harbor Bay Parkway
Alameda, California 94502
(510) 748-6800
*marlene.fong@fonglaw.com*

*/s/ Christina L Henry*
Christina L. Henry, WSBA 31273
Appearing Pro Hac Vice
HENRY & DEGRAAFF, P.S.
787 Maynard Avenue S
Seattle, Washington 98133
(206) 330-0595
*chenry@hdm-legal.com*

Attorneys for Appellee and Cross-Appellant Sarah-jane Parker